OPINION of the Court, by
Ch. J. Bibb.
— Rees having sued a writ of error with supersedeas, to the or- -, r t t* ttr 1 ' c der ot the county court ot Warren, respecting a terry, in favor of Lawless, the latter made a motion to dismiss the writ of error, because it does not appear, as it is supposed trom the record, that Kees had any interest in the Subject matter.
It is true that according to the principles of the common law, no person can maintain a writ of error unless he is party or privy to such judgment, or hath an interest in the subject, or hath damage or individual prejudice by consequence of the judgment complained of. And according to former decisions of this court, these principles are applicable to the cases of sentences or orders for the establishment of mills and roads. 6ut in the act of 1796 (Litt. E. L. K. p. 361, § 3) it is deciar-ed that “ if any person shall think him or herself aggrieved by the establishment of a public ferry or ferries by the county court under this act, he or she shall have the right of appeal, or of obtaining a writ of error or supersedeas to the court ot appeals irom such determination or judgment, upon giving bond and security,” &c.
The legislature have not confined the case to actual grievance to give the right of being heard by the appellate court, but to his own opinion of his being aggrieved, and so far the provision of the statute is a departure from the common law doctrine. When we consider that such orders may be obtained in the county court upon mere motion, without any process to bring any persons before the court as parties, except that the owners of the land on either side of the stream, are to have one month’s notice of the intended application ; a provision easily evaded, since the justices cannot be presumed to know who are the owners of such lands, and the party applying may allege himself to be owner of such lands, for the purpose of evading the provision ; it seems but reasonable that the legislature, in framing such a mode of establishing ferries, should have given some greater latitude in writs of error and appeals, than were allowed in those cases where there is actor and reus, and such were the cases upon which the common law principles before mentioned were established. The statute having *496 attached the right, of appeal or writ of error to the hará circumstance of the person's thinking himself aggrieved, the impetration of the writ of error Would seem to be a sufficient assertion of his right to be heard in the appellate court, since otherwise his thoughts are beyond the research of any mode of trial known to the law. But it will be asked perhaps, if in hearing the cause the plaintiff in error must make out no interest or particular damage. The answer is, that to prevail in his suit he must shew that the law has been violated or not attended to, if he does so, it must.be adjudged that he is aggrieved without being put to shew any special grievance.
This preliminary question being settled the cáse itself is plain. The order of court is deficient in premises to warrant it. That Lawless was the owner of the land on one or both sides of the stream, or that notice had been given as required by the statute, (1 Litt. E. L. K. p. 361, § 1,) is not recited in the sentence of the court, neither does it contain any reference to any former order for establishing a ferrV in favor of Lawless. This defect can be helped only by an averment dehors the record, which was denied in Patrick vs. Bush, (Pr. Dec. p. 81.) That the record should state a case to warrant the order or sentence of the county court, has been adjudged in many cases of mills, roads and ferries — (See Pr. Dec. p. 380, Martin vs. M'Kinney, 235 — Obannon v. Jackson, 241 — Caldwell vs. BP Bride's heirs, and Patrick vs. Bush, before cited.)
It is therefore considered by the court, that the said order of the county court of Warren, in favor of the said Lawless, directing him to enter into bond with security, “ to keep a ferrv on Big Barren river where the old Nashville road crosses said river,” and the consequent orders concerning a boat and hands and rates of ferria-ges, be reversed, set aside and holden for nought.