OPINION of the Court, by
Judge Owsley. — *
Horsley having obtained permission by an order of the Boone county court, to keep a ferry across the O ,do river, Watts at the same term of thq^pourt appeared and moved the court to re-consider the order establishing the ferry ; his motion was overruled and exceptions taken toyffie opinion pf the court, and the evidence made a part of the record. To reverse the order establishing the ferry, Watts has prosecuted this writ of error. There is nothing apparent on the face of the order, from which any irregularity can be inferred ; but it is contended the court should have re-considered the order on Watts’s motion, because it is urged Watts had previously in the year 1800, obtained an order from the county court of Boone, establishing a ferry across the Ohio, opposite his land, and within one mile of the ferry established on the application of Horsley,
Were the fact, admitted, that Watts had theretofore obtained.an establishment of a ferry within less than a mile of Horsley’s, the conclusion from thence deduced, that no other ferry could be established within that distance would not be denied : for by the act of 1806, (3 Lite. 36 i,) concerning the establishment of ferries, it is provided that no ferry shall- thereafter be established on the Ohio river within less than one mile above or below any other ferry that may have been theretofore established', or might be thereafter established on §aicl river, except in particular cases described by the act. But before this provision "of the act can be brought to operate upon the motion of Watts, it evidently devol« *375 Ved on hira to prove his ferry was within less than á mile of Horsley’s, To do this, the order of the Bgpne countv court establishing hi’s ferry across the Ohio from his land, in 1800, was produced;, and-the deeds of both Horsley and Watts, for land owned by them on the Ohio, were offered in evidence to prove the distance. Owing to the ambiguity of the wording of the bill of exceptions, it is difficult to perceivf whether these deeds were deemed by the court below inadmissible evidence to prove the distance from one ferry to the other, or if admissible insufficient to establish the fact. We are* however,* of opinion, that considering the evidence in either light, the decision of that court is correct. As to its admissibility, it is clear the deed of Watts, to which Horsley is neither party nor privy, cannot be regularly used as evidence against him ; but should in this case all objections to the competency of the deeds as evidence be considered as waived, it is clear they contain nothing, vafeen taken in connection with the order establishing Watts’s ferry in 1800, from which the inference of the two ferries being within less than one mile’s distance can be deduced. 'fr
It is true the two deeds call to adjoin, and it is apparent they do not extend up and down the river one mile : but the deed of Watts contains nothing by which it can be inferred, his ferry crosses the river adjoining the land described in the deed ; nor can the order establishing Watts’s ferry from his land across the river in 1800, tend to prove the fact : for as the deed bears date subsequent to the order, it cannot be a fair and necessary conclusion that the land referred to in the order is included in the deed. As thererore Watts failed to prove, and did not offer competent evidence to prove his ferry was within less than one mile of Hors-ley’s, he failed to shew any just grounds for setting aside the order of the court, and consequently the judgment of that court in overruling the motion was correct.
The judgment must be affirmed with costs.