CASE 4—PETITION EQUITY—MARCH 12.

## Hazelip v. Lindsey.

APPEAL FROM EDMONSON CIRCUIT COURT.

1. INJUNCTION.—The right to a ferry privilege is a franchise, and the chancellor may protect the person in possession from repeated disturbance by enjoining the disturber.

2. AN ORDER OF THE COUNTY COURT GRANTING A FERRY PRIVILEGE IS VOID, UNLESS notice of the application has been given as required by section 5 of chapter 42, General Statutes.

   The owner of a ferry privilege, who had leased it to another for a term of years, requested the county judge to compel his lessee to give a bond, but the lessee, in the absence of the lessor, obtained an order from the county judge granting him the ferry privilege. The lease having expired the lessee now claims the ferry privilege under the order of the county court, and seeks to enjoin the lessor from exercising the privilege. Held—That if the order is to be construed as intending to grant an original ferry right to plaintiff, it is void, no notice of the application having been given.

3. COLLATERAL ATTACK ON ORDER GRANTING FERRY PRIVILEGE.—An order of the county court granting a ferry privilege can not be questioned collaterally unless it is void.

Hazelip v. Lindsey.

P. F. EDWARDS, D. W. WRIGHT for appellants.

1. With the admissions of appellee that he recognized the ferry in contro-
versy as the property of appellant, and that he is using the land, the
private property of appellant, to run the ferry, a court of equity
can not adjudge the ferry to be the property of appellee.  The appellee
is estopped to claim the ferry or to claim that he has any right under
his license.

2. The judgment rendered in a former action, requiring that appellee should
pay one-third of the toll of the ferry to appellant, is conclusive of appel-
lant's right to the ferry. (Lindsey v. Hazelip, Ms. Op., Superior Court,
June 15, 1887.)

WARNER E. SETTLE, EDWARD W. HINES for appellee.

1. The order of county court granting ferry privilege is conclusive until set
aside by that court or reversed on appeal. (Gen. Stats., chap. 42, sec.
2; Stahl v. Brown, 84 Ky., 329; Newport v. Taylor, 6 J. J. M., 136;
Wait's Actions and Defenses, vol. 3, pp. 347-8.)

2. The consent of the county court is necessary to transfer of ferry privi-
lege.  (Gen. Stats., chap. 42, sec. 9, sub-sec. 3.)

3. The county court alone has original jurisdiction to discontinue a ferry,
and that court can not exercise its power in this regard except for the
causes set forth in secs. 11 and 12, chap. 42, General Statutes.  (Brown
v. Givens, 1 Dana, 260.)

4. Injunction is the proper remedy for interference with ferry right.
(Wait's Actions and Defenses, vol. 3, p. 348; Newport v. Taylor's
Ex'rs, 16 B. M., 779.)

J. S. LAY of counsel on same side.

CHIEF JUSTICE HOLT delivered the opinion of the court.

William Hazelip had a ferry privilege on Green river,
the landing being upon his farm, and where a public road
crossed the river.   He had been in the exercise of the
privilege for many years prior to October 10, 1878, at
which time he leased it and his farm by written contract
to Barrett Lindsey for ten years, from November 1, 1888,
for one-third of the ferry tolls, and a like proportion of
the farm crops, the possession of the farm and ferry and
appurtenances to be restored in good condition to Haze-
lip at the end of the lease.   Shortly after it was made, by
agreement between all the parties, the appellee, G. W.

Lindsey, took the place of Barrett Lindsey under it, signed it together with the surety and took possession of the property.

In 1881, Hazelip was about to leave the immediate locality. The ferry license was in his name, and his bond, given in the county court for the proper conduct of the privilege, was in force. He desired to be relieved of the responsibility, and requested the county judge, as the testimony, when all of it is considered, in our opinon shows, not to revoke his license but to compel his lessee to give a bond.

Section 9, chapter 42 of the General Statutes, provides: " When sale is made of a ferry right or lease thereof, it must be with leave of the court, and the purchaser or lessee must execute covenant, with sufficient surety, in lieu of the former covenant."

At the March term, 1881, of the county court, and in the absence of Hazelip, the appellee, Lindsey, obtained an order granting him the ferry privilege, as he claims, for twenty years. The order does not specify the period, and the longest time for which it can be granted under the statute is twenty years. It is, however, proven by one of the appellee's sureties in the bond he then gave, and by the county judge, that it was then understood to be for the unexpired time of the lease. The appellee not only paid the one-third of the ferry tolls to Hazelip from the commencement of the lease until this action was taken in the county court, but he voluntarily did so until 1885. This fact is persuasive that he did not regard himself, after March, 1881, as the owner of the ferry right, but merely as a lessee. After 1884 he refused to pay Hazelip the one third of the tolls. The latter sued

him for them and recovered a judgment. The appellee appealed to the Superior Court and it was affirmed.

Some time after the expiration of the lease, the appellee, claiming the ferry privilege by virtue of the county court order of 1881, brought this action enjoining Hazelip from exercising the privilege. It is an admitted fact under the pleadings that the grant of license to Hazelip extended beyond the time when this suit was brought. The question, therefore, is whether the order of the county court obtained by the appellee in March, 1881, impliedly revoked the license of Hazelip and vested Lindsey with the right to the privilege, independent of the lease. If he was the owner, then as Hazelip was claiming the same right, it was proper to resort to the remedy of injunction for relief. The right to a ferry privilege is a franchise, and the chancellor may protect the person in possession from repeated disturbance by enjoining the disturber. The injury is a continuing one to a statutory right already granted by the proper tribunal; and, if this remedy could not be resorted to, a multiplicity of suits would be necessary, which would likely not afford adequate relief. (Livingston v. Van Ingen, 9 John., 585; Wait's Actions and Defenses, page 348; Newport, &c. v. Taylor's Ex'rs, 16 B. M., 779.)

It is unnecessary to consider whether the lease of the ferry was void because not made by leave of the county court. The execution of a bond by the appellee in March, 1881, should, perhaps, be regarded as an approval of it by the court, and as the bond of the appellee as a lessee, as provided by the statute. The lease had, however, expired before this suit was brought. It is plain the appellee acquired possession of the ferry under

the lease.   He admits it.   The payment of the one-third
of the tolls to Hazelip by him as rent for several years
after he obtained the county court order, shows that he
still recognized himself as a mere lessee.   He now, how-
ever, bases his claim of absolute ownership to a ferry, the
landing of which is upon the Hazelip farm, upon that
same order.   It is not of a character calculated to enlist
the sympathy of a court in his behalf.

It is said the grant to him was by the proper court, and
that its validity, therefore, can not be assailed collaterally.
Grant that the order means all that is claimed for it.   In
other words, we will assume that it was intended to grant
an original ferry right to the appellee for twenty years,
and not merely the right to carry on the ferry as lessee.
In such case it is true, if the order be not void, the grant
can not be questioned collaterally.   (Everston, &c. v.
Sanders, 6 J. J. M., 142.)

Hazelip, however, at this time, so far as this record
shows, had the privilege.   No notice was given to him of
the application for this order.   In fact, no notice of any
character was given.   The statute provides :  " No appli-
cation to establish a ferry shall be heard, unless notice of
the application shall have been posted at the court house
door of the county on the first day of the term of the
court next preceding that at which the application is
made."   (General Statutes, chapter 42, section 5.)

The court, therefore, had no jurisdiction.   It is as if a
personal judgment were rendered without the service of
any process; and the order, if it is to be construed as
intending to grant an original ferry right, was void.

The judgment is therefore reversed and cause remanded
with directions to dismiss the petition.