CASE 28—SPECIAL PROCEEDING—APRIL 23.

# Combs v. Hogg, &c.

APPEAL FROM BREATHITT CIRCUIT COURT.

1. FERRY PRIVILEGE—APPEAL FROM ORDER OF COUNTY COURT GRANT-
ING.—Several different parties made motions in the county
court for an order granting them the privilege of establishing
a ferry accross a stream in this State, from a town on one
side to a point on the opposite side; and the motions being

Combs v. Hogg, &c.

heard together, were all overruled except as to one party who was
granted the ferry privilege "provided he gets the ferry right
on the opposite side of the river;" and the other parties appealed
to the common pleas court, and it was there adjudged that
the object of the appeal was to obtain a reversal of the order
refusing the privilege to the appellants therein, and that it
did not affect the order of the county court granting the
ferry privilege to the other party; and the appellee therein
having subsequently filed in the county court a copy of this
order and a grant to him of the right of way on the opposite side
of the river, the county court then made an order granting him
the ferry privilege unconditionally and absolutely. Under such
circumstances it was error for the circuit court subsequently,
on the appeal 'of the parties from the original order, to vacate
and reverse the order granting the ferry privilege to the ap-
pellee, and grant the same to the appellants, there being no
appeal from the last order of the county court granting the
privilege unconditionally.

2. SAME.—Under the provisions of section 1805, of the Kentucky Stat-
utes, that if an applicant for a ferry privilege owns or has the
right to use the land at the proposed site of the ferry, only
on one side of the stream, and the landing on the opposite
side be not an established public highway, the court before grant-
ing the ferry right, shall cause a writ of *ad quod dammum*
to issue to ascertain the damages the owner of the land on the
opposite side will sustain, the county court may according to
the reason of the statute make an order granting a ferry priv-
ilege upon condition that the applicant procure from the owner
of the land on the opposite side of the stream a right of way
by purchase or donation, and thus dispense with the writ of
*ad quod damnum*, for if the owner be compensated or waives his
right the law is satisfied.

3. SAME.—Under the provisions of the statute that no ferry shall
be granted within a city or town, unless those established therein
can not properly do all the business, or unless public conve-
nience greatly requires a new ferry at a site not within four
hundred yards of that of any other, where neither of these con-
ditions existed, it was error to adjudge that more than one
ferry privilege might be granted.

W. W. McGUIRE AND JOHN P. SALYER FOR APPELLANTS.

1. The appellant erected his ferry under the unconditional grant by
the county court, and resisted the motion of the appellees on

the idea that one ferry was sufficient to do the business, and that there was no necessity for a second one, which is shown by the evidence to be true.

2. The order of the county court granting the unconditional right to appellant is not appealed from, and to the extent that the judgment in the circuit court decided that that order was vacated and reversed. it is wholly without authority of law..

3. The failure by the county court, in granting the ferry privilege, to fix the rates does not invalidate the order. 7, Marshall, 313.

4. A judgment by a court having jurisdiction is conclusive as to all matters settled by it, until reversed and vacated after the proper process of law. Dupoy v. Johnson, 1 Bibb, 565; Smith v. Mitchell, 2 J. J. M., 272; Hampton v. Dudley, 3 J. J. M., 277; Comron v. Veal, 2 Dana, 238; Dawson v. Redther, 10 Bush, 412; Clogg v. Rhodes, 12 Bush, 16; Harpending v. Wiley, 13 Bush, 158.

J. B. MARCUM AND D. B. REDWINE FOR APPELLEES.

1. It was erroneous for the county court to grant the franchise to the appellant because 'at the time it was granted he did not own the right of way on the other side of the river, but on the contrary this right had been granted to appellees; and if he had been entitled to it, before the court could grant the right to him, a writ of *ad quod damnum* should have issued to ascertain the damage to the owner. Sec. 1805, Ky. Stat.; Ballard v. Pellis, 6 Bush, 608.

2. The order granting the ferry privilege to appellant was void, because it shows that he did not own the right of way on the opposite side of the river; and besides it is a conditional judgment that is improper always.

3. The order of the common pleas court deciding on the motion for a dismissal of the appeal, that the appeal did not affect the ferry privilege granted to appellant was not a final order.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION. OF THE COURT.

At the July term, 1891, of the Breathitt County Court, three distinct motions were made for an order granting the privilege of establishing a ferry across North Fork of Kentucky river, from the town of Jackson, on the north, to a point opposite Kentucky Union railroad depot on south side

thereof, the several applicants being Hogg & Combs, here appellees, Thomas Center, who subsequently abandoned his application, and W. M. Combs, here appellant.

At the same term of that court the three motions being heard together, the following order was made: "That the application and motion for the ferry privilege by Hogg & Combs and by Thomas Center be, and they are each, overruled and refused; and the privilege is granted to W. M. Combs, provided he gets the ferry right on the opposite side of the river from Jackson." Then follows the rates of toll to be charged as prescribed by the statute.

To that order Hogg & Combs, Thomas Center and one G. W. Bowman excepted, and prayed an appeal to the Breathitt Circuit Court, or Breathitt Court of Common Pleas; but only Hogg & Combs appear to have prosecuted an appeal. At the March term, 1892, of the Breathitt Court of Common Pleas, a statutory court then existing having jurisdiction and in which the appeal under style of Hogg & Combs, appellants v. W. M. Combs, appellee, was pending, the following order was made: "This cause having been submitted on motion of appellee Combs to dismiss the appeal, and, the court being advised, overrules the motion. Under the statute the county court of Breathitt has the right to establish one or more ferries between the landing south of the Kentucky river and the town of Jackson, on the north side thereof, and, having failed to grant appellants' ferry privileges, they have a right to an appeal from the order rejecting their application, and it seems that this appeal is seeking a reversal of said order, refusing their application and the appeal lies; but it is not to affect the order granting a ferry to W. M. Combs."

At the March term, 1892, of Breathitt County Court the following order was made: "This day W. M. Combs presented a copy of the judgment of the common pleas court, showing that the said Combs was not affected by the appeal to said court. The said Combs then produced and filed the right of way granted to him by agent of the K. U. Land Company, on the south side of the Kentucky river; and Thomas Center appearing in open court, consented that the said Combs ferry right should be established at the present place where Combs is now ferrying, just immediately above the Tanyard branch and within the boundary of the location of said Combs' privilege heretofore granted him. The condition named in the former order being now fully complied with, said ferry privilege is now permanently granted said Combs, and the privileges granted him conditionally are now made absolute, and the road upon and from the south side of the Kentucky river to Kentucky Union depot is fixed as it now is and this cause is filed away." But at the March term, 1893, of the Breathitt Circuit Court, the following entry of record appears to have been made: "Defendant W. M. Combs moves to dismiss the appeal, and submitted." And, the case having been continued from term to term of that court, at the June term, 1895, thereof, was rendered the judgment now appealed from by W. M. Combs, substantially as follows: That one ferry is sufficient to accommodate the traveling public between Jackson and the Kentucky Union depot; that the order made by the Breathitt County Court at its November term, 1891, in the consolidated motions of W. M. Combs, Thomas Center and Hogg & Combs, be reversed, vacated, and held for naught, both as to granting said privilege to W. M. Combs,

and as to refusal to grant said Hogg & Combs said ferry privilege; and that the exclusive right of using and operating a ferry across the North Fork of Kentucky river from a point just below the mouth of what is known as the Tanyard branch, on the north side, to a point on the land of Kentucky Union Land Company, on south side of the river, be granted to Hogg & Combs.   The court then proceeded, after requiring execution by them of the usual bond in such cases, to fix the rates of toll and conditions of exercise of the privilege granted, all of which, it seems to us, is within the province of the county court.

We have referred in detail to various orders made in respect to the ferry privilege in question in order to intelligibly consider and determine a preliminary, and, it may be decisive, question—whether, the lower court had jurisdiction to render the judgment appealed from.

Section 6, chapter 42, General Statutes, being same as section 1805, Kentucky Statutes, provides that if the applicant for a ferry privilege owns, or has the right to use the land, proposed as the site of the ferry, only on one side of the stream, and the landing on the opposite side be not an established public highway, the court, before granting the ferry right, shall cause a writ of *ad quod damnum* to issue, to ascertain the damages the owner of the land on the opposite side will sustain by establishing the necessary right of way over his land.   If the court does not approve the assessment when returned, a new assessment shall be ordered. But, if it approve the same, it shall, upon payment into court for the benefit of the owner the amount assessed, condemn such right of way for the public use as a highway.

Combs v. Hogg, &c.

Of course the county court may, according to the reason of the statute, make an order granting a ferry privilege upon condition that the applicant procure from the owner of the land on the opposite side of the stream the right of way by purchase or donation, as was done by W. M. Combs, thus dispensing with the writ of *ad quod damnum* for if the owner be compensated, or he waives his right thereto, the law is satisfied. Therefore, when W. M. Combs filed in the county court a grant to himself by the Kentucky Union Land Company of the right of way on south side of the river, as he did do at the March term, 1892, thereof, there was no obstacle in the way of the order which the court then made, granting him the absolute privilege of operating a ferry at the place indicated. For the intended, and, according to fair interpretation, real effect of the order of Breathitt Court of Common Pleas, was to affirm the previous conditional order of the county court. But the statute provides that no ferry shall be granted within a city or town unless those established therein can not properly do all the business, or unless public convenience greatly requires a new ferry at a site not within 400 yards of that of any other; and, as neither of those conditions exist in this case, the Breathitt Court of Common Pleas, in our opinion, erred in deciding that the privilege might be granted to both W. M. Combs and to Hogg & Combs. The effect of that decision was to prevent or dispense with a consideration and determination on their merits of the conflicting claims of the parties, which seems to have been done in the judgment of the Breathitt Circuit Court now appealed from. Nevertheless, legal rights must in this, as in all other cases, be determined by this court accord-

ing to forms of law and rules of practice prescribed for our guidance.    Hogg & Combs did not appeal to either the Breathitt Court of Common Pleas or Breathitt Circuit Court from the County Court order of March, 1892, granting unconditionally the ferry privilege to W. M. Combs, nor was that order reversed or affected by the judgment of the Circuit Court now appealed from, but, in our opinion, is still valid and effectual to give the exclusive privilege to W. M. Combs. It then follows that it was error of the lower court to adjudge either that the order granting the privilege to W. M. Combs is void, or that Hogg & Combs are entitled to grant of a ferry privilege.

Wherefore, the judgment is reversed and cause remanded for a new trial consistent with this opinion.