CASE 73—SPECIAL PROCEEDING—JUNE 15.

## Sullivan v. Wilson, &c.

APPEAL FROM LEWIS CIRCUIT COURT.

1. FERRY RIGHTS—CONDEMNATION OF LAND—APPEALS.—Upon appeal to the circuit court from a proceeding in the county court seeking to condemn land for ferry purposes, the circuit court was authorized to hear evidence in addition to the evidence certified from the county court. It appears in this case that at the time of the condemnation proceedings in the county court,

the owner of the land was of unsound mind, and was not compe-
tent to elect whether the condemnation should .be made for
twenty years or in fee, and the circuit court upon appeal by his
committee properly heard evidence as to his mental condition,
and reversed the order of the county court, and directed the
issual of a new writ, and that the committee be given the right.
of election which the owner had declined to exercise.

WADSWORTH & COCHRAN FOR APPELLANT.

1. The jurisdiction of the circuit court was appellate only, and it
had no right to reverse the judgment of the county court, ex-
cept for errors apparent upon the record. Section 2, chap. 42,
General Statutes; Helm v. Short, 7 Bush, 623; Smith v. Mc-
Meekin, 79 Ky., 24; Rollins v. Biggs, 85 Ky., 251; Crittenden
County v. Shanks, 88 Ky., 475.

2. But if wrong in this, then the effect of the appeal was to set
aside the judgment of the county court, and the circuit court
should have proceeded to render judgment as if the case had
been there in the first instance, and should not have remanded
it to the county court.

3. Whatever the nature of the jurisdiction of the circuit court may
have been it could only try the case as made out in the county
court, and no, exceptions having been filed in the county court
there was nothing to try in the circuit court.

4. The issue as to the validity of the inquest should have been raised
by exceptions before entering upon the trial of the appeal,
and none having been filed the oral evidence should have been
rejected and the proceedings of the county court approved.

5. The mental unsoundness of appellee was not sufficient to render
him incapable of attending to his own interest in the county
court, and making the election as to the condemnation of his
property. It consisted only in a belief that somebody was try-
ing to kill him, and did not affect his business qualifications.
11 Amer. & Eng. Enc. of Law, 132; Rice v. Rice, 53 Mich., 432;
Otto v. Dote, 61 Iowa, 23; Smith's Will, 53 Wis., 543; Warren's
Will, 9 Dana, 434; Banks v. Goodfellow, L. R. 52 B., 54; Pid-
cock v. Potter, 68 Pa. St., 348; Benvest v. Morrin, 58 Mo., 307;
Cole's Will, 49 Wis., 179; Wetler v. Habershaw, 60 Ga., 194;
Smee v. Smee, L. R. 5 Prob Div., 84; Emory v. Height, 46,.
Ill., 258; Odel v. Burk, 21 Wendell, 142.

6. The fact that a party to a proceeding in court is of unsound
mind, but has not been judicially found to be so, does not
affect the validity of any of the steps in such proceeding. and

can not be made a ground of reversal of the judgment or make
it open to collateral attacks. Freeman on Judgments, vol. 1,
sec. 152, 4th Ed.; Stigers v. Bryant, 33 Amer. Rept., 317; Wood
v. Brown, 47 Amer. Rept., 369; King v. Robinson, 54 Amer.
Dec., 614; Lansen v. Taylor, 32 Amer. Dec., 68; Johnson v.
Pomeroy, 31 Ohio St., 247.

SALLEE & SALLEE FOR APPELLEES.

1. The notice of application filed December 15, 1891, and upon
which the court acted ought to have been posted at the court
house door of the county, on the first day of the term
of court next preceding that in which the application was
made (Kentucky Statutes, sec. 1804); and the record not
showing that this notice of application was so posted, the sub-
sequent order granting ferry license to John Sullivan is void
and of no effect. Hazelip v. Lindsay, 13 Ky. Law Rept., 913;
Stahl v. Brown, 84 Ky., 325.

2. The condemnation proceedings did not conform to the require-
ments of law, and are therefore void. The court properly heard
evidence upon the appeal to the circuit court. Sec. 1801, Ken-
tucky Statutes.

3. The evidence shows conclusively that the damages assessed by
the jury were not equal to the fair and just value of the property
condemned; and that Wilson was at that time of unsound mind,
and therefore did not exercise the right of election.

A. E. COLE & SONS ON SAME SIDE.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears that the appellant, John Sullivan, obtained
from the Lewis County Court the grant of a ferry right and
franchise across the Ohio river from Manchester, Kentucky,
to Manchester, Ohio, and, in order to properly enjoy the said
franchise, it became necessary to condemn for ferry pur-
poses a portion of the land owned by appellee, H. L. Wilson.
A jury, summoned under a writ of *ad quod damnum*, fixed
the damages to said Wilson at $2,350.00, including the fee
to two acres of land, Wilson having refused to make his

election as to whether the land should be condemned for a period of twenty years or in fee.

The final judgment in said proceeding seems to have been rendered in March, 1891. On the 3d day of July, 1893, the said Wilson and Jas. H. Sallee, committee for said Wilson, prosecuted an appeal to the Lewis Circuit Court, and upon final hearing the Circuit Court adjudged; "That the appeal be sustained, and judgment of the County Court in this cause be reversed and verdict of the jury and judgment therein be set aside, and that this cause be remanded to the Lewis County Court with directions and instructions to said court and the judge thereof to set aside the judgment rendered in this cause, from which this appeal was taken, and to issue another writ of *ad quod damnum* directing the sheriff of Lewis county to summons another jury to go upon the premises in controversy and ascertain the value according to law of the land, etc., sought to be condemned in this proceeding in fee or for twenty years, giving appellant or his committee for him the right to elect whether said property shall be condemned for twenty years, or in fee, or at all, and require said sheriff to report the verdict of the jury to some subsequent term of said court."

Appellant having requested the court to state the facts upon which its judgment is based found the following facts: "The court finds that the plaintiff, H. L. Wilson, was at the time of the verdict of the jury under the writ of *ad quod damnum*, and since of such unsound mind as to prevent his exercising reasonably the right of election he had as to whether condemnation in this cause should be for twenty years or in fee, and of such unsound mind at the time of the

rendition of the judgment in the County Court that there was no election made."

Appellant's motion for a new trial having been overruled, he has appealed to this court. The contention of appellant is that the Circuit Court could not hear any testimony on the trial of an appeal, except such as was transmitted from the County Court, and also inasmuch as he had no notice of any mental defect of Wilson at the time of the judgment complained of, that the judgment should not be disturbed, and that the evidence failed to show such mental incapacity upon the part of Wilson as would authorize the judgment to be set aside.

Section 2 of chapter 42, of the General Statutes, provides that an appeal from any order concerning ferry or ferry rates in favor of any one interested shall lie to the Circuit Court of the county and thence to the Court of Appeals, both of which shall have jurisdiction of law and facts,but the Court of Appeals only of such facts as shall be certified from the Circuit Court.

It would seem from the foregoing that the Circuit Court was authorized to hear evidence in addition to the evidence certified from the County Court; it therefore follows that the Circuit Court did not err in the admission of the testimony excepted to by appellant.

The proceedings in the County Court seem to be regular and not subject to be set aside or reversed for any reason except the fact as found by the Circuit Court. It must be conceded that the testimony heard in the Circuit Court tended strongly to establish the mental incapacity of said Wilson, and if in fact he was not competent to elect whether

said property should be condemned·for twenty years or in fee, his committee or real representative should be permitted to make the election.

We understand the·judgment of the Circuit Court, when properly considered, to mean a reversal only of the judgment confirming the verdict of the jury returned under the writ of *ad quod damnum*, and directing that a new writ be issued, and the proceedings of the condemnation to be had as though no verdict had ever been rendered, and that the parties entitled to the election be permitted to elect whether the condemnation should be for twenty years or in fee, and upon their failure to elect, condemnation will be in fee. It does not appear that the circuit court gave any weight to the testimony as to the value of the land condemned, or the proper manner of estimating the value thereof, hence we need not express any opinion as to that question.

Judgment affirmed: