## Adkins, Trustee v. Ashland & Ironton Transfer & Ferry Company, et al.

### (Decided October 13, 1925.)

### Appeal from Boyd Circuit Court.

1. Ferries—Appeal by Interested Parties, from Order Granting Franchise, Not Dismissed Under Statute.—An appeal to circuit court by persons interested, from an order of county court granting a ferry franchise, will not be dismissed on grounds that appellees were not parties to the proceedings and filed no written pleadings, in view of Kentucky Statutes, section 1801, giving right of appeal to any one interested.

2. Ferries—Bill of Exceptions on Appeal to Circuit Court from an Order Granting a Ferry Franchise Under Statute Held Not Necessary.—Under Kentucky Statutes, section 1801, providing that an appeal from an order of the court concerning a ferry shall be to the circuit court and thence to the Court of Appeals, both of which shall have jurisdiction of law and fact, but the Court of Appeals only of such facts as shall be certified from the circuit court, it is not necessary to file a bill of exceptions on appeal to the circuit court, since such court has jurisdiction over all facts developed on the hearing in the county court.

3. Ferries—Petition for Franchise Within Prohibited Area on Ground that there is No Existing Franchise Presents a Collateral

Attack, and Sole Issue is Validity of Existing Franchise.—In view of Kentucky Statutes, section 1820, prohibiting establishment of ferry within 400 yards of another, an application for franchise within prohibited distance, on sole ground that existing ferry was without right, is a collateral attack on the existing franchise, and only matter for inquiry is whether it is void; question of abandonment or forfeiture not being at issue.

4. Ferries—Franchise Granted Before Statute Limiting Rights to Twenty Years, Containing No Limitation, is Perpetual.—A franchise granted before Kentucky Statutes, section 1802, and Constitution, section 164, limiting ferry rights to twenty years, in absence of a limitation in the grant, is perpetual.

5. Ferries—Presumption that Jurisdictional Requirements Complied with in Collateral Attack on Franchise, so that Absence of Order Showing Required Notice Does Not Make Franchise Void.—In a collateral attack on a franchise granted by county court having original and exclusive jurisdiction, it is presumed that all statutory and jurisdictional requirements were complied with, especially where there is a great lapse of time since granting of franchise, so that absence of an order showing required notice will not render franchise void.

S. S. WILLIS for appellant.

HAGER & STEWART and MARTIN & SMITH for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On April 26, 1915, V. V. Adkins, trustee, posted notice of his intention to apply for a ferry franchise upon the Ohio river at Ashland, Boyd county, Kentucky. On May 24, 1915, which was the next regular Boyd county court day, the notice, which had been posted, was filed in the county court, together with a petition asking for a ferry franchise for a period of twenty years. Thereafter, the county court granted the franchise as requested, approved the bond executed by the applicant and fixed the fares to be charged on the ferry. On the next day the Ashland and Ironton Transfer and Ferry Company and John Murphy and T. J. Abrams came into court and prayed an appeal from the order granting the franchise. The appeal was allowed by an order which recited that they were interested persons. On appeal the circuit court held that Adkins, trustee, was not entitled to the ferry franchise granted by the county court, and ordered that the judgment be vacated. From that judgment Adkins, trustee, has prosecuted this appeal.

It is first insisted that appellees here were not entitled to appeal from the judgment of the county court as they were not parties to the action and did not manifest their interest by a written pleading filed in the proceeding. It must not be overlooked that the statute gives the right of appeal "to anyone interested," and where, as here, the appeal is granted on the ground of interest, and prosecuted by persons who are actually interested, the fact that they were not parties to the proceeding and did not manifest their interest by a written pleading will not be ground for dismissing the appeal.

The further point is made that a bill of exceptions was necessary for a review of the law and facts by the circuit court and that none was filed on the appeal. Section 1801, Kentucky Statutes, reads as follows:

"An appeal from any order concerning a ferry or ferry rates, in favor of any one interested, shall lie to the circuit court of the county, and thence to the Court of Appeals, both of which shall have jurisdiction of law and fact; but the Court of Appeals of only such facts as may be certified from the circuit court. The appeal to be taken at the time of making the order or during the term, and prosecuted to the circuit court within three years from the making of the order, and to the Court of Appeals within one year from the making of the order in the circuit court."

It will be observed that the statute, after stating that the circuit court and Court of Appeals shall have jurisdiction of law and fact, provides that the Court of Appeals shall have jurisdiction "of only such facts as may be certified from the circuit court." If it had been intended to confer on the circuit court jurisdiction of only such facts as were certified from the county court, no reason appears why the statute should not have contained such a provision. Having given both courts jurisdiction of the law and facts, and having distinctly provided that the Court of Appeals should have jurisdiction of only such facts as were certified from the circuit court, the natural conclusion is that the legislature intended that the circuit court should have jurisdiction of all the facts developed on the hearing in that court, and such is the view taken in Sullivan v. Wilson, 101 Ky. 427, 41 S. W. 260.

It is the law of this state that a new ferry cannot be established on the Ohio river within less than a mile and

a half, or upon any other stream within less than a mile of the place, in a straight line, at which any existing ferry has been pre-established, unless it be within a town or city, or where an impassible stream intervenes, or in a city or town unless those established there can not do all the business, or unless public convenience greatly requires a new ferry at a site not within 400 yards from any other. Section 1820, Kentucky Statutes; Churchill v. Grundy, 5 Dana 99; Watts v. Horsley, 3 Bibb 374; Combs v. Hogg, 101 Ky. 178, 40 S. W. 453. There is no claim by appellant that the existing ferry cannot properly do all the business, or that public convenience requires another ferry. On the contrary, it is admitted that the proposed new site is within 400 yards of the site of appellees' ferry, and appellant's sole contention is that appellees have no ferry right. The evidence shows that on February 2, 1846, a franchise to operate a ferry from his land across the Ohio river to the opposite shore was granted to Richard Jones by order of the county court of Greenup county, of which Boyd county was then a part. Not only so, but it further appears that Richard Jones afterwards conveyed the ferry franchise on the land to the Kentucky Coal, Iron & Manufacturing Company. This transfer was confirmed by the Greenup county court in 1854, when the Kentucky Coal, Iron & Manufacturing Company executed a new bond in that court. Afterwards, the Kentucky Coal, Iron & Manufacturing Company conveyed to Murphy and Abrams, who executed a new covenant with the Boyd county court, and they in turn conveyed to appellees, who also executed a new covenant. It further appears that appellees and their predecessors in title have operated the ferry at the point in question for a great many years. Where it is sought, as here, to obtain a ferry franchise at a site within 400 yards of the site of an existing ferry theretofore established on the sole ground that there is no existing ferry, the attack is purely collateral. In such a case acts for which an abandonment or forfeiture might be adjudged in a direct proceeding brought for that purpose are not available. Willis v. Calhoun, 145 Ky. 95, 140 S. W. 199; Brown v. Given, 4 J. J. Marsh. 28; Paynter v. Miller, 118 Ky. 29, 80 S. W. 469, and the sole inquiry is whether or not the existing franchise is void. Decker v. Tyree, 204 Ky. 302, 264 S. W. 726. The contention that the franchise is void because unlimited as to time can not be sustained. It is true that section 1802, Kentucky Statutes,

which was adopted in 1851, provides that no ferry rights shall be hereafter granted for a longer period than twenty years, and that our present Constitution fixes the same limitation on franchises. Section 164, Constitution. But the franchise to Richard Jones was granted long before the enactment of the statute, or the adoption of the present Constitution, and we have ruled in such case that the franchise in the absence of a limitation in the grant is perpetual. Willis v. Calhoun, *supra.*

But, particular stress is laid on the fact that there is no order of the Greenup county court showing that Richard Jones complied with the statute requiring notice of the application to be posted, and on the rule that an order granting the privilege before notice was void. Hazelip v. Lindsey, 93 Ky. 14, 18 S. W. 832. It must not be overlooked that with respect to the granting of ferry privileges the county court is a court of original as well as exclusive jurisdiction, and that the same presumption in favor of its jurisdiction in collateral attacks on its judgments in such cases will be applied as is done in judgments of superior courts of general jurisdiction. Hence it will be presumed that the county court of Greenup county in exercising jurisdiction of Richard Jones' application for a ferry franchise had properly acquired the right to do so by observing all the statutory and jurisdictional requirements, Decker v. Tyree, *supra*, and particularly so, in view of the great lapse of time. That being true, the mere absence of any order showing that the required notice was given will not render the judgment void.

On the whole, we find no basis for the contention that the existing franchise is void, and it follows that the circuit court did not err in holding that appellant was not entitled to the franchise for which he applied.

Judgment affirmed.