## Walker v. Trail et al.

(Decided May 18, 1934.)

W. A. BERRY for appellant.

JOHN W. BLUE, Jr., for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, C. H. Walker, for a number of years has operated a ferry across the Ohio river from Golconda, Ill., to a point on the Kentucky shore in Livingston county known as Berry's Ferry Landing. The record fails to disclose whether or not he operated the ferry under a franchise theretofore granted by the Livingston county court or, if so, whether or not the franchise had expired. At any rate on October 3, 1932, he posted at the courthouse door in Livingston county a notice in conformity with the provisions of section 1804 of the Kentucky Statutes to the effect that on the first day of the next term of the Livingston county court he would apply for a franchise to operate a ferry from a point on the Ohio river in Livingston county known as Berry's Ferry Landing. The appellees, Miss Edna Trail and Mrs. Jean Trail Davis, had on September 5, 1932, posted a similar notice that at the October term, 1932, of the Livingston county court they would apply for permission to establish a ferry across the Ohio river from a point on the Kentucky shore known as Berry's Ferry Landing. On February 6, 1933, Walker posted a second notice that he would make application for a ferry franchise on the first day of the March term, 1933, of the Livingston county court.

The two applications were heard together and the county court granted the franchise to C. H. Walker and denied the application of Miss Trail and Mrs. Davis who at once appealed to the Livingston circuit court. On

the hearing in the circuit court it was adjudged that the franchise should be granted to Edna Trail and Mrs. Jean Trail Davis upon their execution before the Livingston county court of a good and sufficient bond to be approved by the judge of that court and from that judgment Walker has appealed.

It appears that evidence was heard by the circuit judge but no transcript of the evidence is filed with the record. The record consists of copies of the notices posted by the respective parties, their applications for the establishment of a ferry and the granting of a franchise, the citizens' petition filed with the application of Walker, the judgments of the county court and the circuit court, the written opinion of the circuit judge, and a plat of the land abutting on the Ohio river at the point where parties seek to have the ferry established. This plat shows that Berry's Ferry Landing is on a right of way of an old highway. A new state highway has been constructed. The right of way of the new state highway on the river bank is partly on the right of way of the old road and partly south of it so that Berry's Ferry Landing, as shown on the map, is partly on the old right of way and partly on the new.

The appellees own a tract of land bordering on the Ohio river and extending northwardly from the highway leading to Berry's Ferry Landing. The following appears in the judgment entered in the circuit court:

"After hearing the evidence and argument of counsel, and being advised, the court doth adjudge that the applicants Edna Trail and Jean Trail Davis are the owners of the landing on the Kentucky side of the Ohio River and are entitled to the Ferry franchise, but that C. H. Walker does not own a landing on the Kentucky side of the Ohio River and has no contract with the owner, and therefore he is not entitled, under the law, to have a ferry franchise granted to him."

Section 1803 of the Kentucky Statutes provides:

"A ferry shall be established at the instance and for the benefit of the owner of the land on which it is located, or of some one who has obtained from the owner the privilege of using the same for that purpose."

In Crittenden County v. McConnell, 237 Ky. 806, 36

S. W. (2d) 627, 629, the following was quoted from Lytle v. Breckenridge, 3 J. J. Marsh, 663:

"The right to a ferry on the Ohio, is a franchise incident to a freehold in the land. It passes with the title to the land."

Appellant argues that a ferry franchise may be granted by the county court to any one seeking same from a point in the public highway whether or not the applicant be the owner of land, and the cases of Clark v. White, 5 Bush, 353, and Combs v. Hogg, 101 Ky. 178, 40 S. W. 453, 19 Ky. Law Rep. 356, are cited in support of this contention. We are precluded from considering this question, however, since the circuit judge held on the evidence heard by him that the appellees are the owners of the land where both applicants seek to establish the ferry, and, in the absence of the evidence heard in the circuit court, it will be presumed that it was sufficient to sustain the judgment. Brandenburg v. Brandenburg, 246 Ky. 546, 55 S. W. (2d) 351; Lewis v. Kash, 239 Ky. 117, 38 S. W. (2d) 978. If, as adjudged, the appellees are the owners of the land and the appellant owns no land at the point where it is sought to establish the ferry, then the court correctly adjudged that the ferry franchise should be granted to the appellees and the appellant has no ground of complaint. The right to a ferry on the Ohio river being a franchise incident to a freehold in the land, the owner of land where it is proposed to establish a ferry, or the person to whom he has transferred the ferry rights, is the only person entitled to a grant of ferry privileges. McConnell v. Crittenden County, 250 Ky. 359, 63 S. W. (2d) 329; Dufour v. Stacey, 90 Ky. 288, 14 S. W. 48, 12 Ky. Law Rep. 268, 29 Am. St. Rep. 374.

The judgment is affirmed.