## Smith v. Graves et al.

(Decided March 9, 1937.)

CHARLES FERGUSON and J. R. WELLS for appellant.

W. A. BERRY, F. E. GRAVES, REX P. CORNELISON and T. C. BENNETT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the year 1848, G. B. Dycus was granted by the county court of Crittenden county a franchise to operate a ferry over the Cumberland river near Dycusburg. The franchise passed through several owners, and is now the property of Gus Graves and his sister, Cora Graves. The Graves conducted the ferry until the early part of 1936, when their boat was destroyed. A short time thereafter J. H. Smith was granted a ferry franchise across the Cumberland river at the same point by the Livingston county court. Later on Smith brought this action against the Graves for a declaration of rights, and asked that they be enjoined from interfering with his ferry privilege. The court decided in favor of the Graves, and Smith appeals.

The original ferry franchise was granted to G. B. Dycus on June 12, 1848, by the following order of the Crittenden county court:

"On the application of G. B. Dycus for the establishment of a public ferry across Cumberland River at Dycusburg, and it appearing that notice hath been given to ——— the owner of the land on one side of said stream, and it further appearing to the Court that said Dycus is the owner of the other side of said road and said notice having been given according to law; It is ordered that a ferry be and is hereby established at the place above designated in the name of and for the use of the said G. B. Dycus; that he be required to keep at all times one good substantial ferry boat and not less than one good hand to manage the same and that he be allowed to charge and receive the following rates of ferriages, to wit——— ———,

"Whereupon, said G. B. Dycus together with Theo Killen and John S. Gilliam his security entered into and acknowledged bond in the Penalty of Twenty pounds according to law."

The Act of 1796 reads as follows:

"Section 1. Be It Enacted By The General Assembly, That the courts of the several counties within this Commonwealth shall be and are hereby empowered to establish public ferries across those rivers or creeks within their respective counties whenever they shall deem it necessary; provided that no such ferry shall be established unless the parties owning lands on both sides any such river or creek shall have had one month's notice that application would be made for the establishment of such ferry.

"Section 2. When any river or creek shall be the boundary line between two counties, and any person owning lands on either side of the said river or creek shall wish to have a public ferry across the same, he or she shall apply to the court of the county in which his or her land lies; who are hereby authorized to establish such ferry from the land of such person to the opposite side."

Calling attention to the fact that the Cumberland river was the boundary line between two counties, and that the second section of the act is controlling, appellant's counsel insists that the Crittenden court did not have jurisdiction to grant to G. B. Dycus the ferry privilege, and that the order of the county court was void ab initio for the following reasons: Dycus was not a qualified legal applicant for the establishment of the ferry unless he owned the land in Crittenden county from which the ferry was established, and this must appear in the order of the court establishing the ferry. The order does not show that Dycus was a citizen or resident of Crittenden county, or that he owned land in Crittenden county, or that he owned land abutting on the river. The order does not show that the ferry was established from his land, but does show that it was not established from his land. The order shows that he gave no notice to the owner of land on the opposite side of the river, since notice to a blank person is no notice whatever. In support of this position, we are referred to the cases of John Patrick v. Wm. Tandy Bush, 2 Ky. (Sneed Ky. Dec.) 69; Lawless v. Rees, 1 Bibb, 495; Lawless v. Reese, 4 Bibb, 309, and Givens v. Ferguson's Heirs, 6 T. B. Mon. 186, and Givens v. Ferguson's Heirs, 6 T. B. Mon. 187. An examination of these cases will show that they go no further than to hold that it is

error to grant a ferry privilege unless the record shows that the applicant was the owner of the land from which the ferry was to run, or that notice to the owner was given. They do not hold that an order granting the privilege is void if those facts are not shown in the order. On the contrary, the rule is otherwise. Thus in Hatten v. Turman, 123 Ky. 844, 97 S. W. 770, 98 S. W. 1000, the judgment of the court establishing the ferry did not recite the posting of the notice of the application, as required by Kentucky Statutes, 1903, sec. 1804. However, there was evidence that the notice was posted, and there was no contradictory evidence. It was held that it would be presumed in favor of the validity of the judgment that the court did not render it without evidence that the statutory notice had been given. In the more recent case of Decker v. Tyree, 204 Ky. 302, 264 S. W. 726, it was held that the jurisdiction to grant ferry privileges under Kentucky Statutes, sections 1800, 1802, 1804, and 1813, was exclusively conferred upon the various county courts of the commonwealth, and that for that purpose the county court is a court of original as well as exclusive jurisdiction, and the same presumption in favor of its jurisdiction, in collateral attacks upon its judgments in such cases, will be applied as is done to judgments of superior courts of general jurisdiction. This doctrine was reannounced in Adkins v. Ashland & Ironton Transfer & Ferry Company, 210 Ky. 532, 276 S. W. 131, 132, where the court in discussing the question said:

"But particular stress is laid on the fact that there is no order of the Greenup county court showing that Richard Jones complied with the statute requiring notice of the application to be posted, and on the rule that an order granting the privilege before notice was void. Hazelip v. Lindsey, 93 Ky. 14, 18 S. W. 832, 13 Ky. Law Rep. 913. It must not be overlooked that, with respect to the granting of ferry privileges, the county court is a court of original as well as exclusive jurisdiction, and that the same presumption in favor of its jurisdiction in collateral attacks on its judgments in such cases will be applied as is done to judgments of superior courts of general jurisdiction; hence it will be presumed that the county court of Greenup county, in exercising jurisdiction of Richard Jones' application for a ferry franchise, had properly acquired

the right to do so by observing all of the statutory and jurisdictional requirements [Decker v. Tyree, supra], and particularly so, in view of the great lapse of time. That being true, the mere absence of any order showing that the required notice was given will not render the judgment void."

Here the attack is collateral, and lack of jurisdiction not affirmatively appearing, it will be presumed, particularly after a lapse of about 80 years, that all the statutory and jurisdictional requirements were complied with, and that the Livingston county court had jurisdiction to grant the ferry privilege to G. B. Dycus. It follows that the decision of the lower court was correct.

Judgment affirmed.