CASE 7—APPRENTICESHIP—JUNE 10.

# Small vs. Small.

**APPEAL FROM TODD COUNTY COURT.**

1. As the jurisdiction of the county court over orphans and poor children, colored and white, whose parents are unable or unfit to rear them properly, is limited and special, every order for binding a child as an apprentice should exhibit the facts required by law for giving jurisdiction. (*Freeman vs. Stone and others*, 6 *Dana*, 283; *Coffee, &c., vs. Watt*, 1 *J. J. Marshall*, 307.)

2. The county court, at a subsequent term, has power to vacate or set aside an illegal order and indenture of apprenticeship of a poor orphan, made at a former term of said court, and to release the orphan from the custody of the person to whom he was illegally bound, on the petition of the orphan by his next friend.

S. J. LOWRY,                                    For Appellants,

CITED—

*Civil Code, secs. 579 and 581.*

3 *Monroe*, 9.

1 *J. J. M.*, 307 ; *Coffee, &c., vs. Watt.*

*Littell's 2 Dig. L. Ky., Master and Apprentice*, 677.

6 *J. J. M.*, 592 ; *Mendall vs. Ricketts.*

6 *Dana*, 283 ; *Freeman vs. Strong.*

6 *B. Mon.*, 281; *Rachel, of color, vs. Emerson.*

2 *Marshall*, 39 ; *Roberts vs. Des Forges.*

2 *Marshall*, 158; *Payne vs. Long, Tilford, &c.*

15 *B. Mon.*, 506, 507 ; *Bakers vs. Winfrey.*

2 *Rev. Stat.*, 136.

*Myers' Supplement, p.* 730, *sec.* 4.

H. G. PETREE,                                    For Appellee,

CITED—

*Sec. 4, act of* 1866, *Myers' Sup.*, 734.

Small vs. Small.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This is not an appeal from the order of the county court, binding Washington Small to the appellee, but an appeal from the judgment of the county court refusing to vacate said order on the petition of said Washington, filed by his next friend for that purpose ; and the first question involved is, whether, in this proceeding, the court had jurisdiction to set aside its order made at a previous term.

It is insisted for the appellant that the case is embraced by *section* 579 *of the Civil Code,* enumerating certain causes for which a court may vacate or modify its own judgments. The 5*th subdivision of said section* confers the requisite authority to vacate or modify such judgment or order "for erroneous proceedings against an infant, married woman, or person of unsound mind, when the condition of such defendant does not appear in the record nor the error in the proceedings."

As from the order and proceedings of the county court, set out and exhibited by the petition, the condition of the appellant, as well as the matter complained of as error to his prejudice, seem to sufficiently appear, we incline to the opinion that the provisions of said section of the Code do not apply to this case.

But a further inquiry arises, whether, if it be true, as insisted for the appellant, that the order of apprenticeship was made without authority, either for the want of proper notice or summons, or because the condition of the infant was not shown to be such, with reference to " relatives or parents," as to authorize the action of the court, according to the law in relation to apprentices, the county court had not power, by virtue of its general jurisdiction over the subject, to vacate said order and the indenture of apprenticeship upon the application of the infant.

The provisions of the act of 1793 (2 *S. L.*, 1161), prescribing the mode and causes for which certain poor children may be bound as apprentices, are substantially re-enacted by the *1st and 2d sections of article* 1 *of chapter* 64, *of the Revised Statutes* (*vol.* 2, 136), by which the county court is authorized " to put in apprenticeship such poor orphans and other children within its knowledge, whose relatives or parents the court shall judge will not bring them up in moral courses;" also to bind out the children of a man condemned to confinement in the penitentiary; but requiring that, before any such order shall be made, the person with whom the infant shall reside " shall be summoned to show cause to the contrary."

It was said by this court, in the case of *Freeman vs. Stone and others* (6 *Dana*, 283), that—

"As the jurisdiction of the county courts over orphans and poor free children, colored and white, whose parents are unable or unfit to rear them properly, is limited and special, every order for binding a child as an apprentice should exhibit the facts required by law for giving jurisdiction."

Although no certified copy of the order of the county court is exhibited, there is set out in the petition what purports to be a copy of it; and as the fact is alleged and not controverted, that the order is thus correctly stated, we must assume that it is. As set out, it reads as follows:

" Monday, December 10th, 1866.

" It appearing to the satisfaction of the court that Washington Small, a free boy of color and an infant orphan of Todd county, has no estate whatever, and James Small having signified his willingness to take said Washington to the art and trade of farming, until

he shall arrive at the age of twenty-one years, he being thirteen years old, it is ordered by the court that the clerk of the county court of Todd county enter into an indenture of apprenticeship, stamped as required by an act of Congress, and containing the covenants required by law."

It was essential to the validity of this order that the person with whom Washington resided should have been before the court. (*Mendall vs. Ricketts*, 6 *J. J. Marshall*, 592; 6 *B. Monroe*, 280.) And, although it is made to appear in this case that Washington resided at the time with the appellee, that fact should at least have appeared in the order; and we think it should further have appeared that some further reason than the mere poverty and orphanage of the infant existed to give the court jurisdiction, as that the relatives of Washington would not " bring him up in moral courses," and the fact should have been stated in the order; otherwise, no legal necessity existed for binding him out. (*Bakers vs. Winfrey*, 15 *B. Monroe*, 506; *and Thomas, &c., vs. Newcomb, decided at the last term of this court.*)

The act of the Legislature, approved February 16th, 1866, amending the statute with reference to the altered condition of negroes and mulattoes by the abolition of slavery, does not affect the provisions of the statute referred to restricting the jurisdiction of the county court.

In the case of *Coffee, &c., vs. Watt* (1 *J. J. Marshall*, 307), where the county court had, by an illegal order, bound out the children of Coffee, the power of the court to set the order aside on his motion, made at a subsequent term, was expressly recognized; and we do not feel at liberty to depart from the construction of the law regulating the jurisdiction of the county court thus acquiesced in by this court.

The averment of the petition that Washington Brow-
der is the grandfather of the appellant is not so contro-
verted by the answer as to require the fact to be proven.
Said Washington Browder, although poor, is shown to
be of good moral character; and the evidence does not
authorize the inference that the appellant was without
relatives who would "bring him up in moral courses,"
nor does the evidence disclose any other sufficient reason
for binding out the appellant.

Wherefore, the judgment is reversed, and the cause
remanded, with directions to set aside said order and
indenture of apprenticeship, and release the appellant
from the custody of the appellee, at the costs of the
latter.