JUDGE HAKDttf
delivered the oíjnion oe the court:
Whether the order of the county court directing Bob Stone to be bound to the appellant was or not void for want of jurisdiction shown therein, is the principal question for the decision of this court on this appeal. It may be conceded, iliat however erroneous the proceedings and order of the county court may have been, yet, if the order be not void, it was sufficient, while unreversed, to invest the appellant with the control of said boy Bob, and gave him a right to maintain an action for a violation of his rights as the master of Bob under the statute; but if the said order was void, the appellant could not recover in this action.
As was held in Small vs. Small (2 Bush, 45), “ the provisions of the act of 1793 (2 S. L., 1161), prescribing the mode and causes for which certain poor children may be bound as apprentices, are substantially re-enacted by the 1st and 2d sections of article 1 of chapter 64 of the Revised Statutes (vol. 2, 136), by which the court is authorized to put in apprenticeship such poor orphans and other children within its knowledge, whose relations or parents the court shall judge will not bring them up in moral courses.”
And in the case referred to, and others, this court has recognized its former adjudications, in cases involving *212 the construction of the act of 1793, as applicable to its provisions, as substantially re-enacted in the Revised Statutes, particularly in the case of Freeman vs. Strong, &c. (6 Dana, 283), in which it was said: “As the jurisdiction of the county courts over orphans and poor free children, colored and white, whose parents are unable or unfit to rear them properly, is limited and special, every order for binding a child as an apprentice should exhibit the facts required by law for giving jurisdiction.”
Testing the order of the Marshall county court in this case by the rule announced in Freeman vs. Strong, &c., it must be regarded as void for want of jurisdiction. It is not shown in the order, nor otherwise by the proceedings of the county court, that the boy was either an orphan or that he had not parents or relatives who would bring him up in moral courses.
It results from this conclusion, without examining in detail the various rulings of the court which are complained of, that the judgment is erroneous, and must be reversed.
Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.