THOMAS KEVIL *v.* GEO. S. WHARTON.

[Abstract Kentucky Law Reporter, Vol. 5—421, 423.]

**Injunction Against Interfering with a Ferryman's Rights.**

The transportation of persons across the Cumberland river at a point within one mile of an established ferry, for the purpose of

trading with the transporter is a transportation for a reward within the meaning of Gen. Stat. 1881, ch. 19, § 42, and such merchant may be enjoined from making such transportations.

## APPEAL FROM LYON CIRCUIT COURT.

### November 3, 1883.

OPINION BY JUDGE LEWIS:

The allegation in the petition, not controverted in the answer but substantially admitted, is that appellant was transporting persons across the Cumberland river at a point within one mile of appellee's established ferry for the purpose of trading with him at his grocery store. A temporary injunction was granted restraining him from doing so. Upon the final trial a general demurrer to the appellant's answer was sustained, and judgment rendered perpetuating the injunction.

The first question is whether the transportation of persons by appellant in the manner and for the purpose alleged was a transportation for reward in the meaning of Gen. Stat. 1881, ch. 42, § 19. We think there can be little doubt on the subject. The reward, benefit or compensation received by appellant for transporting persons across the river was that they were thereby induced to purchase his goods, by means of which he was benefited or rewarded. How much or how little reward he received is not the question. That he was willing to transport his customers across the river shows that he was benefited or rewarded thereby.

The provision in § 20 of the same chapter of the statute, in case an impassable stream intervenes, has no reference to a case like this where an unauthorized person transports persons across a water course within one mile of an established ferry.

Civil Code 1876, § 276, was not technically complied with by the officer granting the injunction. But as the record shows that this is a case in which an injunction was under that section authorized, and in which the court would have been authorized to immediately reinstate the injunction, if it had been dissolved, we do not perceive wherein the substantial rights of appellant were prejudiced by the refusal of the court to sustain his motion to dismiss it, for it was properly perpetuated.

Judgment *affirmed*.

*T. J. Wadkins, for appellant.*
*J. G. Husbands, R. W. Wake, for appellee.*