CASE 79—MOTION—FEB. 2.

# King, &c. v. Tilford, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. INJUNCTIONS—MOTION TO MODIFY PRACTICE IN COURT OF AP-
   PEALS.—This court will not necessarily take up and consider out
   of its regular order, a motion under the provisions of section 747
   of the Civil Code, to modify an injunction pending an appeal,
   when a proper determination of it practically requires considera-
   tion of the whole case.

STONE & SUDDUTH FOR APPELLANT.

PIRTLE & TRABUE FOR APPELLEE.
   (Record and briefs not in the office.)

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT:

August 24, 1896, there was granted in the action in-
stituted by appellees, members of the board of public
safety, an injunction restraining appellants, members
of the board of aldermen of the city of Louisville, from
proceeding to try them upon certain charges and speci-
fications and from removing, or attempting to remove,
them from their offices as members of such board of
public safety, or in any manner interfering with the
exercise of the duties thereof.    That injunction was,
by the law and equity division of the Jefferson Circuit
Court, where the action was pending, dissolved, but
subsequently reinstated by order of a judge of this
court, then in vacation.

Upon final hearing the injunction was perpetuated,
and an appeal from the judgment so rendered was taken
to the Court of Appeals, but, subsequent to rendition
of that judgment, a motion was made under section

747, Civil Code, in the lower court for a modification of the injunction, which was overruled. And now this is a motion, made in the Court of Appeals pending appeal from the judgment of the lower court to modify the injunction in the manner to be mentioned.

In our opinion section 747 was, as language used shows, intended to make supersedeas on appeals thereafter inapplicable to judgments granting, modifying, perpetuating or dissolving injunctions, and instead to give the court rendering such judgment discretion at the time an appeal is taken to make an order suspending, modifying or continuing the injunction during the pendency of the appeal. Though whatever order the lower court may make in respect to the injunction is, as in terms provided, subject to revision and final determination by the Court of Appeals, or, if in vacation, by any judge thereof, how far the injunction shall be suspended, modified or continued pending the appeal; and we think this power to revise pending an appeal applies as well where a perpetual injunction is the sum of relief sought in an action as where it is merely ancillary or temporary; and also as well to an order of the lower court overruling as to one sustaining a motion to suspend, modify or continue the injunction.

The motion then, being properly before and subject to present consideration by this court, must be determined as the ends of justice require.

The particular feature of the judgment appealed from, to which objection is made, and the nature and

extent of the modification moved for by appellants is that the perpetual injunction applies to and restrains, pending the appeal, any and every trial of members of the board of public safety by the board of aldermen, whereas it should, and the motion is, that it, by this court, be limited in its operations to further proceedings upon the charges and specifications described and set forth in the petition of appellees.

Assuming without question the injunction adjudged by the lower court does in fact restrain appellants, the board of aldermen, pending the appeal, from proceeding to try and displace members of the board of public safety upon other and additional charges and specifications, it does not necessarily follow we should now, to the prejudice of other cases having precedence, take up and pass upon this motion, when proper determination of it practically requires consideration of the whole case.

Appellants, composing the board of aldermen, and claiming jurisdiction to try appellees upon charges involving removal from office, may properly and decently insist upon conservation of all their rightful authority. But it does not seem to us they should know or seek to know there were new and additional charges ready to be made against appellants, or that a suggestion of that fact by them is deserving of consideration by this court. In this connection it is not improper to refer to the finding of the lower court that the charge made by appellees in their petition that the trial of them was in pursuance of a conspiracy by appellants

to unlawfully displace them had been made out by proof. For, in view of that finding, this court should not dispose of the present motion until ready to determine on its merits the whole case.

The motion is, therefore, for the present, overruled.