Davis v. Connolly, et. al.

CASE 10—MOTION TO CONTINUE AN INJUNCTION PENDING. AN APPEAL—JUNE 10.

# Davis v. Connolly, et al.

104   87
123   851

APPEAL FROM PIKE CIRCUIT COURT.

1. INJUNCTIONS—CONTINUANCE OF, PENDING APPEAL.—Where an injunction has been dissolved on final hearing the plaintiff is entitled under Civil Code, sec. 747, to move the trial court to continue the same in force pending the appeal; and the order on that motion, whether it be one granting the relief or refusal

to act, is subject to revision by this court on application within twenty days.

2. SAME—PROTECTION OF FERRY PRIVILEGE.—The plaintiff who had been ·in the enjoyment of a ferry franchise for eight or ten years, was entitled to an injunction in the interest of the public to prevent the construction of another ferry within the distance prohibited by statute.

3. SAME.—The status existing just prior to the dissolution of the temporary injunction by final order should, in such a case, be maintained, pending the appeal.

4. SAME—BOND.—It would seem that the injunction bond already executed is continued and affords the appellees ample protection.

W. S. PRYOR AND C. P. CHENAULT FOR APPELLANT, FOR THE MOTION.

The plaintiff has been in the continued control and management of the ferry without interruption for a period exceeding ten years. During all this time she has maintained it at large expense. The county court has a right to require a new bond to be executed or to value the franchise by proper proceedings, but this is a matter which does not concern the defendant, and the status should have been maintained, as it existed prior to the final hearing.

Citations: Owens v. Roberts, 6 Bush, 608; Montgomery v. Railway Co., 11 Ore., 344.

WM. J. HENDRICK FOR APPELLEE, CONNOLLY, AGAINST THE MOTION.

1. This proceeding should be dismissed. Civil Code, sec. 747. No time was granted by the lower court to apply for a re-instatement of the temporary restraining order.

2. The plaintiff's petition is defective (a) in failing to allege that an agreement counted on was in writing (b) in failing to aver compliance with sub-sec. 3, sec. 1807 of Ky. Stat.; secs. 1800, 1807, Ky. Stat.; (c) the remedy at law was fully adequate and complete; and (d) the petition in equity failed to make a case of irreparable damage.

WM. J. HENDRICK FOR APPELLEE IN A PETITION FOR A REHEARING.

Additional citations: Smith v. Western Union Tel. Co., 7 Ky. Law Rep., 255; Pendergast v. Heekin, &c., 94 Ky., 384;

Elizabethtown, &c., R. R. Co. v. Ashland, &c., St. Ry. Co., 94 Ky., 478; Civ. Code, secs. 286, 290.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Where an injunction has been dissolved on final hearing, the plaintiff is entitled, under section 747 of the Civil Code, to move the trial court for an order continuing the order of injunction, notwithstanding the final order, pending the appeal.    And the order on that motion, whether it be one granting the relief sought, or be a mere refusal to act, is subject to revision by this court on application, made as provided in said section.    This was determined in case of King v. Tilford, 18 Ky. Law Rep., 978 [38 S. W. 888].    It appears in this case that the appellant has been in continuous use, operation, and enjoyment of a ferry privilege on the Big Sandy river, at Pikeville, Ky., for some eight or ten years.    Whether she is the rightful owner of this right, as against appellees, we need not now inquire.    Neither the county court, as grantor of the right, nor the public, is complaining; and we know of no reason why she may not, on behalf of the interests of the public, and as one in the actual use and enjoyment of the right for the benefit of the public, enjoin those who seek to violate the statute by erecting another ferry across her line, and within the distance from her line that is prohibited under our ferry law.    At any rate, we think the status existing just prior to the final order dissolving the injunction and dismissing her petition should be maintained pending a decision by this court, on the merits, of the appeal; and the injunction should be, and is hereby, temporarily continued for that purpose.    It would seem that the injunction bond already executed is also continued, and affords ample protection to the appellees.