CASE 75.—ACTION TO RECOVER TOLLS LOST BY REASON OF THE OP-
ERATION OF A RIVAL FERRY BY DEFENDANTS.—FEB. 7.

# Blackwood, &c. v. Tanner, &c.

### APPEAL FROM M'LEAN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL, AND PLAINTIFFS
PROSECUTE A CROSS APPEAL. AFFIRMED ON ORIGINAL AND CROSS
APPEAL.

INFRINGEMENT OF FERRY FRANCHISE—JOINT RIGHT OF ACTION—MEAS-
URE OF DAMAGES—EVIDENCE—RECOVERY OF STATUTORY PENALTY
—JURISDICTION.

1. As the license of plaintiffs to operate a ferry was a joint one,
and they executed a joint obligation to discharge their duties,
they may sue jointly to recover for the loss of tolls result-
ing from the illegal infringement of their ferry franchise by
defendants, though one of them ran the ferry one week and
the other the next, as this was simply a plan agreed upon by
them for conducting the business.

2. The act of defendants in operating an unlicensed ferry within
the prohibited distance of plaintiffs' ferry was an actionable
wrong for which plaintiffs were entitled to recover damages.

3. The measure of damages for the infringement of a ferry fran-
chise is the amount of tolls lost to the owners, by diminution
in the number of customers using the ferry.

4. The income derived in former years from tolls and the income
received from the same source during the continuance of the
infringement may be proved to show the value of the franchise
and the extent of the losses.

5. Under Kentucky Statutes, section 1820, providing that no ferry
shall take or land any passenger or thing within the prohibited
distance of another ferry "under a penalty of fifteen dollars for
each offense, to be recovered before a justice," the circuit court
can not, by allowing the joinder of a number of separate causes
of action, acquire jurisdiction of an action to recover the pre-
scribed penalty, as the statutory mode must be pursued.

LOCKETT & LOCKETT AND SWEENEY, ELLIS & SWEENEY, FOR
APPELLANTS.

SYNOPSIS OF POINTS DISCUSSED AND AUTHORITIES.

1. There is a misjoinder of parties plaintiff. The court should
have sustained the motion of defendants to require the plain-

tiffs to elect which one of them would prosecute the cause of action.

2. The damages sought to be recovered are so remote, contingent and uncertain as to furnish no cause of action. It can not certainly be ascertained by any rule what plaintiffs' damages, if any, were, by reason of the operation by appellants of their ferry boat, hence no cause of action lies. Kentucky Tobacco Association v. Ashby, 9 Ky. Law Rep., 109.

3. Damages for profits (even in the case of a tort) are not recoverable except for the breach of an express or implied contract.

4. The only relief which appellants in this case were ever or are now entitled to is to prohibit the further joint use by appellants of the boat owned by them.

5. Authorities defining instances in which damages for profits may be recovered. Sutherland on Damages, vol. 1, page 112; 38 American Reports, 407; Griffin v. Glover, 69 American Decisions, 718; 53 American State Reports, 139; Kimball v. Hannon & Burch, 6 Am. Rep., 343; Wellington v. Small, 50 Am. Dec., 719; Com. v. Hunt, 38 Am. Dec.; Huttley v. Simonds, 1, 2, B. D. (English); De Wolf v. Dix, 81 N. W. Rep., 781; Carew v. Rutherford, 8 Am. R., 287; Delf v. Winfree, 80 Texas, 400; Payne v. Western R. R. Co. Am. Rep., 666.

LAURENCE P. TANNER, FOT APPELLEES.

LITTLE & TAYLOR, OF COUNSEL.

## CLASSIFICATION OF THE QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. There was no misjoinder of parties plaintiff. Bliss on Code Pleadings, sec. 62; Civil Code, secs 18, 22, and 25; 1 Mar., 441, 1 Mon., 13, 8 B. M., 55; 10 B. M., 373. Same as to defendants. 4 Met. 333, Bliss on C. P., secs. 82-9.

2. The objection as to misjoinder waived unless taken advantage of in circuit court. Wilson v. Thompson, 1 Met., 127; Gill v. Johnson, 1 Met., 651; Justice v. Phillips, 3 Bush, 200; Graves v. Lebanon Nat. Bank, 10 Bush, 25; Waits v. McLure, 10 Bush, 763; Williams v. Horn, 4 Rep., 736.

3. The damages resulting to appellees, by the operation of a rival ferry, within about two yards their ferry, are not "remote, contingent or uncertain." A. & E. Eng. Law, (1st ed.) vol. 7, 951, 1104, Taylor v. Wilmington R., 4 Jones (N. Car.) 277; Owens v. Roberts, 6 Bush, 609; Newport, &c. v. Taylor's

Exrs. &c., 16 B. M., 779; City of New York v. Stark, 12 N. E., 631; Lawson's Rights, Rem., &c., vol. 6, secs. 29, 58; Kent, vol. 3, (11th ed. 590; C. D. B. Co. v. Geisse, 38 N. J., 39; Chenango Bridge Co. v. Paige, 38 Am. Rep., 407; Broadax v. Baker, 94 N. C., 675.

4. May damages not be recoverable except for a breach of an express or implied contract. Wood's Mayne on Damages, sec. 52; Chenango Bridge Co. v. Paige, 38 Am. Rep., 414.

5. Questions on cross appeal: Does section 1820, chapter 49, refer to unlicensed as well as licensed rival ferries. Kentucky Statutes, sec. 1820, Warren, &c. v. Tanner, &c., Ky. Law Rep., 1678.

6. Common law remedies and statutory penalties may be united in one action. Lawson's Rights, Remedies, &c., vol. 6, 29, 58; A. & E. En. L. (1 ed.) vol. 18, 271; Pearres v. Freer, 9 Cal., 642; Kansas City, &c., R. R. v. Spiner, 72 Miss., 491; 17 South, 169.

7. Several causes of action for penalties may be united. State v. Hughes, 21 S. E., 971; Cincinnati, S., & R. Co. v. Cook, 37 Ohio St., 265; Snow v. Mast., 65 Fed., 995; State v. Kansas City R. R. Co., 32 Fed., Rep., 722; People v. McFadden, 13 Wend. (N. Y. 396); L. & N. R. R. Co. v. Com., 19 R., 1466; Com. v. L. & N. R. R. Co., 19 R., 610.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

This case is the sequel of the decision of this court in Warren v. Tanner, 21 R., 1678 (56 S. W., 167) (49 L. R. A., 248). In that case this court affirmed a judgment of the circuit court enjoining appellants from operating an unlicensed ferry within less than a mile of appellees' licensed ferry across Green river between the counties of McLean and Webster. After the decision in that case, appellees instituted this suit against appellants, seeking to recover toll lost by them in consequence of the operation of their ferry by appellants; second, damages to the salable value of their plant; and, third, they seek to recover the penalties prescribed by subsection 2 of section 1820 of the Kentucky Statutes. These various causes of action were set out in three separate paragraphs, and a general demurrer was

sustained to the second and third paragraphs, and appellants filed an answer, denying liability for the cause of action stated in the first paragraph. A jury trial resulted in a verdict in favor of appellees for $600 for loss of tolls, and the defendant appealed. Plaintiffs also prosecute a cross appeal from the judgment sustaining a demurrer to the second and third paragraphs of their petition.

Several distinct grounds are relied on for reversal. First, it is insisted that there was no joint cause of action in favor of appellees, and the motion to elect should have been sustained. It is next insisted that the damages sought to be recovered are so remote and uncertain as to afford no basis for an action. Appellees' license to operate the ferry was a joint one, and they executed a joint obligation to discharge their duties. The fact that Tanner ran the ferry one week and Mulligan the next, is not important. This was simply a plan agreed upon by them for conducting the business, and in no wise affects their rights or liabilities. The suit was properly instituted in the name of both parties. And the claim that appellees could not recover for loss of toll resulting from the illegal infringement of their ferry franchise by appellants is equally untenable. Appellees enjoyed the exclusive franchise to maintain and operate a ferry at the point on Green river fixed in the order of the county court, and were required, under heavy penalties, to maintain it in good condition for the convenience of the traveling public; and they were expressly protected in this right by the statute, which prohibited the establishment of any other ferry within a mile of their place of business, and the running of an unlicensed ferry within the prescribed distance was an actionable wrong, for which they were entitled to recover damages. See Owens v. Roberts, 69 Ky., 609, and City of Newport v.

Taylor Ex'rs, 55 Ky., 699. And the measure of damages
for the infringement of a ferry franchise is the amount of
tolls lost to the. owner of the franchise by diminution in
the number of customers who would have used the ferry.
See 12 Am. & Eng. Ency. Law p. 1104. And the income de-
rived in former years from tolls and those received during
the continuance of the infringement are competent evidence
to show the value of the franchise and the extent of the
losses. See 6 Lawson, Rights, Rem. & Prac., section 2958,
and Bridge Co. v. Geisse, 38 N. J. Law, 39., There is there-
fore no error in the instruction.

It is very earnestly insisted for appellees that the circuit
judge erred in sustaining a demurrer to the third paragraph
of their petition, in which they sought to recover the pen-
alty prescribed by the statute in addition to their loss of
tolls. The section of the statute under which this claim
is asserted is as follows: "No ferry shall take or land any
passenger or thing within such prohibited distance of an-.
other ferry, under a penalty of fifteen dollars for each of-
fense, to be recovered before a justice against the owner
or keeper, and by the owner of such other ferry." Ken-
tucky Statutes, section 1820, subsec. 2; 7 Lawson, Rights,
Rem. & Prac., section 3777, says that: "When a statute has
created a new right, and has prescribed a remedy for the
enjoyment of the right, he who claims the right must pur-
sue the statute remedy. So, when a summary remedy is
given by the statute, those who wish to avail themselves
of it must confine themselves strictly to its provisions, and
can take nothing by intendment. When a statute to ob-
tain a particular object prescribes the mode of proceeding
to enforce it, that mode must be pursued." This view of the
learned author was approved by this court in the cases of
Com. v. Louisville & N. R. Co., 18 R., 610, 27 S. W., 589,

and Louisville & N. R. Co. v. Com., 102 Ky., 300 (19 R., 1462) (43 S. W., 458). In the last case the question is carefully and fully considered, and the court held that it was not the policy of the law or the intention of the Legislature to oust magistrates courts of cases of which the statute gave them exclusive jurisdiction by allowing the joinder of a number of separate causes of action into one; that public interest required that violators of penal statutes should be proceeded against as soon as the violations were committed in the courts having jurisdiction thereof. We are of the opinion that the circuit judge properly sustained a demurrer to the third paragraph.

For the reasons indicated, the judgment is affirmed on the original and cross appeal.