Case 115.—ACTION BY JOHN TURMAN AGAINST JOSEPH
HATTEN & OTHERS FOR DAMAGES FOR INFRINGE-
MENT OF FERRY PRIVILEGE.—Dec. 4.

## Hatten v. Turman.

Appeal from Boyd Circuit Court.

S. G. KINNER, Circuit Judge.

Judgment for plaintiff.    Defendants appeal.
Affirmed.

1.  Ferries—Infringement—Damages—In an action for an in-
fringement on a ferry privilege plaintiff sought to recover dam-
ages for five years previous to the institution of the suit, and
proved that defendant operated a ferry within a mile of
plaintiff's ferry, that in the five years plaintiff's receipts
had diminished in comparison with the receipts for the previ-
ous five years about $1.50 a day.   Held, that a verdict of
$1,000 was not excessive.

2.  Same—What Constitutes—Ky. St. 1903, sec. 1820, forbids
the establishment of a ferry within a mile of an existing
ferry.   A merchant conducting a store on a river within a
mile of an existing ferry transported persons across the river.
Persons who purchased goods at the store were given tickets
for the price of the ferrying, which tickets were delivered to
the merchant's employee who operated the boat used in trans-
porting persons across the river, and he gave them to the
merchant and received the compensation.   Tickets were only
given to persons who made purchases.   The merchant erected
on the opposite shore a bell for the convenience of persons who
desired to cross.   Held, that the merchant infringed on the
existing ferry, since he, in effect, transported persons for hire.

3.  Same—Damages—Proof—Sufficiency—The owner of a ferry
privilege suing for an infringement of his right is only re-
quired to recover, to show the diminution in the receipts of
his ferry, and the use of the prohibited ferry by the public,
for the law will then presume that damage has resulted.

4.  Same—Establishment—Statutes—Ky. St. 1903, sec. 1804, pro-
viding that no application to establish a ferry shall be heard
unless notice thereof shall be posted on the courthouse door
of the county, etc., makes the posting of the notice necessary
to confer jurisdiction on the court, and the establishment of

Hatten v. Turman.

a ferry without the giving of notice is void, but the notice need not be recorded or preserved.

5. Same—Judgment—Validity—A judgment of a county court establishing a ferry did not recite the posting of the notice of the application as required by Ky. St. 1903, sec. 1804. There was evidence that the notice was posted. There was no contradictory evidence. Held, that it must be presumed, in favor of the validity of the judgment, the court did not render itwithoutevidence that the statutory notice had been given.

6. Same—Conclusiveness of Judgment—A judgment establishing a ferry cannot be attacked in a suit by the owner for an infringement on the ferry privilege granted by the judgment.

7. Same—Period of Ferry Privilege—Statutes—Ky. St. 1903, sec. 1802, provides that no ferry right shall be granted for a longer period than 20 years. An order establishing a ferry did not specify the period for which the right was granted. Held that, as the statute must be read into the order, it would be conclusively presumed in a suit for an infringement of the right that it was granted for 20 years.

8. Same—Infringement on Ferry Right—Measure of Damages— An owner of a ferry privilege, suing for an infringement of his right in consequence of the maintenance of a ferry within a mile of his own, is entitled to recover such damages as will compensate him for tolls which were lost to him by reason of the diminution of the number of his customers who would have crossed on his ferry but were ferried by defendant.

THOMAS R. BROWN and GEORGE B. MARTIN for appellee.

## QUESTIONS RAISED.

The questions raised that go to the vitals of appellee's claim for damages are mainly:

1st. Was the verdict of the jury excessive and appear to have been given under influence of passion and prejudice and not sustained by the evidence?

2nd. Did the appellee either state or prove a case of infringement of a statutory ferry franchise?

3rd. Did the Court err to the prejudice of appellants in permitting appellee to introduce illegal and incompetent evidence particularly the so-called orders of the Boyd County Court?

4th. Did the Court err in giving and refusing instructions to the jury?

### AUTHORITIES CITED.

Blackwood v. Tanner, 23 Ky. Law Rep., 1919, secs. 1802, 2591-2, 1800, 1804, Ky. Stats.; 3d Ken., 590; Chitty on Contracts, 72; 9 Enc. Law, 249; 2 Parsons on Contracts, 560; Bush on Modern Law, vol. 2, p. 1487, sec. 1148; Manhattan Trust Co. v. City of Dayton, 59 Fed., 327; Cin. Gas Light Co. v. Avondale, 43 O. Stats., 257; 8 A. & E. Ency. (New Ed.), 38; Jacobs v. L. & N. R. R. Co., 10 Bush, 269; Smann v. Small, 2 Bush, 45; Chandel v. Swan, 4 Bush, 210; Miller v. Swan, 12 Ky. Law Rep., 629, 91 Ky., 36; Gilbert v. Bartlett, 9 Bush, 49; Freeman v. Stone, 6 Dana, 282; Stahl v. Brown, 98 Ky., 325; Combs v. Sewell, 23 Ky. Law Rep., 156; Martin v. McKinney, Sneed, 321.

R. S. DINKLE, WATT M. PRITCHARD and L. T. EVERETT for appellee.

1.   The verdict of the jury is not excessive and is sustained by the evidence.

2.   The operation of the unlicensed ferry by appellants was an infringement of appellees ferry franchise.

3.   The notice posted at the courthouse door was a summons and when posted according to law, gave the court jurisdiction.

4.   The court having had jurisdiction of the matters and persons in making the grant to appellee Turman, it is not void and cannot be attacked collaterally, however erroneous it may appear.

5.   The appellant having no claim of right from the State, is not in a position to question the validity of appellees grant.

### AUTHORITIES CITED.

American & English Encyclopaedia of Law, vol. 12, page 1099; Blackwood v. Tanner, 23 Ky. Law Rep., 1919; Kevil v. Wharton, 5 Ky. Law Rep., p. 421; Jones on Evidence, vol. 1, sec. 31; Stahl v. Brown, 84 Ky., p. 325; Hazelip v. Lindsey, 93 Ky., p. 14; Everston etc. v. Stevens, 6 J. J. Marshall, p. 143; Combs v. Sewell, 23 Ky. Law Rep., pp. 169-173; 93 Ky., pp. 14 and 18; 17 Am. & Eng. Ency. of Law, p. 1047; 6 Bush, p. 608; 20 Ky. Law Rep., 411; 23 Ky. Law Rep., 173; Freeman on Void Judicial Sales, sec. 8, p. 15; Freeman on Judgments, secs. 517-518; Paynter v. Miller, 25 Ky. Law Rep., 2222.

Opinion by John D. Carroll, Commissioner—Affirming.

The appellee brought this suit against appellants to recover damages for their infringement upon a

ferry privilege granted across the Big Sandy river at Turman's Ferry in Boyd county. Upon a trial before a jury he recovered $1,000.

The question raised by appellants on this appeal are: That the verdict of the jury is excessive. That appellee did not prove a state of case authorizing damages for an infringement of a statutory ferry franchise. That the court erred in the admission of incompetent evidence, and erred in giving and refusing instructions. For convenience we will dispose of these questions in the order named.

The petition sought damages for five years previous to the institution of the action, and the evidence introduced established that appellee was the owner of a ferry privilege at the place named; that appellants conducted a store at a point on the Big Sandy river within a mile of the appellee's ferry; that they owned a skiff, in which persons were transported from West Virginia to their store in Kentucky; this skiff was operated by a person in their employ, and persons who were ferried across the river and who purchased goods at their store were given tickets for the price of the ferrying; these tickets they delivered to the person who operated the skiff, who in turn gave them to appellants and received the compensation, and these tickets were only given to persons who made purchases; they also had erected on the West Virginia shore a bell for the convenience of persons who desired to cross, and a number of persons were ferried across under this plan each day. Appellee proved that, in the five years, his receipts had diminished in comparison with the receipts for the previous five years about $1.50 a day. Under the evidence, although the verdict is large, it cannot be said to be excessive. The operation of this ferry by appellants, in the manner stated, was an infringement upon the franchise of appellee.

Ky. St. 1903, sec. 1820, forbids the establishment of a ferry within a mile of an existing pre-established ferry, except in states of case that do not exist here, and provides a penalty for any person who shall take in or land any passenger or thing within the prohibited distance. The manner in which persons were transported by appellants was in violation of the statute, and was in effect a transportation for hire, as appellants in the sale of goods received an equivalent for the ferriage of their customers, and it was an inducement to and intended to increase their business, and had the effect of diminishing the tolls at the ferry of appellee. Any person may, for his own convenience, have a skiff or ferry boat upon which himself, his family, and servants may cross a river, but within the prohibited distance he cannot, for fee or reward directly or indirectly paid or received, transport other persons or freight without infringing upon the rights of the established ferry. It is apparent that, in transporting persons to and from their store, appellants were receiving indirectly compensation, and thus committed an actionable wrong and a violation of the statute to the same extent as if a specified sum was exacted as fare from each person carried. Inhabitants of Peru v. Peter K. Barrett (Me.) 60 Atl. 968, 70 L. R. A. 567; Kevel v Wharton, 5 Ky. Law Rep. 421. So careful is the law in the protection of a ferry franchise that it has been held that a number of persons cannot combine and establish for themselves a ferry and pay equally the expenses of its operation. Warren v. Tanner, 56 S. W. 167, 21 Ky. Law Rep., 1678, 49 L. R. A. 248. And the reason for thus protecting persons who have been granted ferry privileges is because ferries are established for the public good, the public have an interest in their conduct and operation, the owner is required to execute a bond upon which any person who

Hatten v. Turman.

has sustained damage, by reason of his neglect or the insufficiency of his boat or his failure to keep the ferry according to law, may recover damages. He is required to provide safe and sufficient accommodations, and must transport at all times and without delay persons who desire carriage at fees fixed by law, and, in addition, may be subjected to heavy fines for a violation of any of the statutory duties imposed. Blackwood v. Tanner, 66 S. W. 500, 23 Ky. Law Rep. 1919.

Nor was it necessary, nor indeed practicable, to entitle appellee to recover, that he should show that the persons who crossed at appellants' ferry would have used his ferry if theirs had not been established. In an action such as this, to entitle the injured party to recover, it is only required that he shall show the diminution in the receipts of his ferry, and the use of the prohibited ferry by the public. The law will then presume that he has been damaged by the prohibited ferry, and the measure of damage will depend upon the facts of the case.

Over the objection of appellants, an order of the county court of Boyd county was introduced as evidence, under date of April, 1896, reciting that, "it appearing to the court that Margaret Turman in her lifetime had established and maintained a ferry across the Big Sandy river at her farm, which ferry was known as 'Turman's Ferry,' and she having departed this life and John J. Turman being the present owner of the land adjacent to the said ferry, and desiring to maintain the same as heretofore, he thereupon appeared in court, and as principal, together with Joseph P. Powell and Sam Turman as sureties, entered into, acknowledged, and delivered bond to the Commonwealth of Kentucky conditioned according to law for the faithful keeping of said ferry, which bond is accepted and approved by the court, and so indorsed by the judge." The order further

fixes the charges for ferrying, describes the character
of boat that shall be used, and in other respects con-
forms to the statutory requirements. The bond men-
tioned was also introduced as evidence. Other orders
were offered, showing the grant of the ferry privilege
to Margaret Turman in 1873, and the execution of
bond by appellee in 1903.

It is insisted that the order of court made in April,
1896, upon which appellee relies to show his grant of
the ferry franchise, is void: First, because it does not
recite that the notice required by the statute was
given, nor was the notice produced; and second, it
fails to specify the number of years the privilege is
granted. The Statute, section 1804, provides "that no
application to establish a ferry shall be heard unless
notice of the application shall have been posted at
the courthouse door of the county on the first day of
the term of court next preceding that at which the
application is made." The posting of the notice is
necessary to confer jurisdiction upon the court, and
the establishment of a ferry without giving the notice
required would be a void proceeding. Hazelip v.
Lindsey, 93 Ky. 14, 13 Ky. Law Rep. 913, 18 S. W.
832. But there is no statutory direction that this no-
tice shall be recorded or preserved, and evidence was
introduced showing that proper notice was published.
This evidence was competent and sufficient in the ab-
sence of any testimony to the contrary, and giving to
the judgment of the county court establishing the
ferry the credit to which it is entitled, it must be pre-
sumed that it did not make the order without evi-
dence of the fact that the statutory notice had been
given. The establishment of a ferry is a judicial act,
and the judgment of the court no more than any other
judgment can be attacked in a collateral proceeding
such as this. Kennedy's Heirs v. Trustees of Cov-
ington, 8 Dana, 50; Stahl v. Brown, 84 Ky.,

325, 8 Ky. Law Rep. 279, 1 S. W. 540; Davis v. Connolly, 104 Ky., 87, 46 S. W. 679, 20 Ky. Law Rep., 411. The statute provides section 1802, that "no ferry right shall be hereafter granted for a longer period than twenty years." The order of April, 1896, does not in terms specify the period for which the right was granted, but this does not render the order void, or deprive the appellee of the protection granted to the owner of a ferry franchise. The statute must be read into the order, and as the court was without power to grant the privilege for a longer term than 20 years, and the order failing to show that it was granted for a less period of time, it will be conclusively presumed in this proceeding that it was granted for a period of 20 years.

The court, after instructing the jury that no person had a right to maintain a ferry within a mile of appellee's ferry, in fixing the measure of damage that the jury might find, said: "If the jury find for the plaintiff under instruction No. 1, they will allow him such reasonable sum in damages as they may believe from the evidence will compensate him for the loss of tolls, if any, which they may believe from the evidence was lost to him between July 1, 1898, and July 1, 1903, by reason of the diminution of the number of his customers who would have crossed on his ferry but were ferried by the defendants or their agents acting under the scope of their authority, not exceeding the sum of $2,000." This instruction fairly presented the law of the case, and fixed correctly the measure of damage that appellee was entitled to recover. Blackwood v. Tanner, 66 S. W. 500, 23 Ky. Law Rep., 1919.

Perceiving no error in the judgment, it is affirmed.

Response to petition for rehearing by Judge Hobson—Over-ruling.

In Freeman v. Strong, 6 Dana, 282, and Chaudet v. Stone, 4 Bush, 210, it was held that an order of the

county court binding out an infant as an apprentice was void, unless it showed on its face that the proper preliminary steps had been taken; the ruling being based on the ground that in such matters the county court is of limited jurisdiction and that its record, to be valid, must show the existence of the facts necessary to give it jurisdiction. On the other hand, in Jacobs v. L. & N. R. R. Co., 10 Bush, 269, it was held that the order of the county court granting administration was valid, although it did not show on its face the jurisdictional facts. This ruling was based on the holding that in matters of probate and administration the county court is not of limited jurisdiction. The same principle should apply to orders of the county court establishing ferries. It has general jurisdiction over the subject. It is true section 1804, Ky. St. 1903, provides that no application to establish a ferry shall be heard unless notice has been given as herein provided, and a grant of a ferry privilege without notice as required by the statute is void. But, when the fact is that the notice was given, the order is not void merely because the order of the county court fails to show that the notice was given. The same principle has been applied by this court to inquests on lunatics. Porter v. Eastern Kentucky Asylum, 121 Ky.—90 S. W. 263, 28 Ky. Law Rep., 796.

In Commonwealth v. Redman, 88 S. W. 1073, 28 Ky. Law Rep., 117, the proof showed that the notice required by the statute had not in fact been given. The case turned on the facts as shown by the evidence, and not on the form of the order of the county court. In Merchants' Telegraph Co. v. Citizens' Telephone Co., 123 Ky. 90, 93 S. W. 642, 29 Ky. Law Rep., 512, the city council undertook to avoid section 164 of the Constitution by granting the telegraph company a franchise in the city without advertising for bids as

Hatten v. Turman.

required by the Constitution, and to this end made its grant indefinite of duration or subject to be revoked by the council at any time. This was held void as an evasion of the Constitution. But it was not held in that case, that if the city council had complied with the Constitution and received bids, its grant would have been held void simply because it failed to specify the number of years for which the grant was made. The rule is that effect will be given to every writing, if possible, and that construction of a writing will be adopted which will give it some effect, if practicable under its terms, rather than one which will give it no effect. The county court had jurisdiction to grant a ferry right for 20 years. It granted the right, without specifying how long it should continue. If the order is not good as a grant for 20 years, it is not good for any time. The presumption is that the county court meant to do what it had a right to do. It is not presumed that it intended a vain thing: In such cases, as in all others, the object of all construction is to effectuate, if possible, the intention of all parties.

The petition for rehearing is overruled.